UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :

UNITED STATES OF AMERICA       :

                                    :

       - v. -                     :        S1 07 Cr. 783 (WHP)

                                    :

MARINO ANTONIO REYES,      :
   a/k/a "Ismael Roman,"          :

                                    :

                Defendant.    :

                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

                                                     MICHAEL J. GARCIA
                                                     United States Attorney
                                                     Southern District of New York
                                                     Attorney for the United States
                                                           of America

Chi T. Steve Kwok
John O'Donnell
Assistant United States Attorneys
    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                           :
UNITED STATES OF AMERICA                   :
                                           :
         - v. -                            :    S1 07 Cr. 783 (WHP)
                                           :
MARINO ANTONIO REYES,                      :
     a/k/a "Ismael Roman,"                 :
                                           :
                         Defendant.        :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

## GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

### The Charge

1. This is a criminal case. The defendant, MARINO ANTONIO REYES, a/k/a "Ismael Roman," has been charged in an Indictment with engaging in a conspiracy to violate the federal narcotics laws. The Indictment was filed by a grand jury sitting in this District.

2. The Indictment is not evidence. It simply contains the charge that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. I

would like to summarize the charge in the Indictment to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

3. The Indictment contains one count. Count One charges that from in or about June 2007, the defendant conspired with others to distribute, and to possess with intent to distribute, cocaine — specifically, 500 grams or more of cocaine.

4. Do any of you believe you have personal knowledge of the charge contained in the Indictment as I have described it?

### Nature of the Charge

5. As you can tell from my description of the charge, during the trial, you will hear evidence concerning the possession and sale of narcotics. Does the fact that the charge involves narcotics affect your ability to render a fair verdict?

6. Do any of you believe that the improper distribution of narcotics should not be illegal, or that the laws governing these crimes should not be enforced?

7. Do any of you have any opinion about the enforcement of the federal narcotics laws that might prevent you from being fair and impartial in this case?

8. Has anyone been involved in an offense involving narcotics? Has anyone's relative, close friend or associate been involved in an offense involving narcotics? Have any of you, or any member of your family, or any of your close friends, had any experiences of any kind, directly or indirectly, with narcotics?

9. Do any of you feel that you could not decide fairly and impartially a case involving a charge concerning the distribution or possession of narcotics, namely, cocaine?

**Knowledge of the Trial Participants**

10. The defendant in this case is MARINO ANTONIO REYES, who is also known as "Ismael Roman." [*Please ask the defendant to rise*.] Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

11. To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

12. The defendant is represented at this trial by Ellyn I. Bank. [*Please ask Ms. Bank to stand.*] Do any of you know Ms. Bank?

13. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Michael J. Garcia. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Steve Kwok and John O'Donnell. *[Please ask Mr. Kwok and Mr. O'Donnell to stand]*. Mr. Kwok and Mr. O'Donnell will be assisted by Special Agent Miguel Carrera of the Drug Enforcement Administration *[Please ask Special Agent Carrera to stand]* and Darci A. Brady, a paralegal in the United States Attorney's Office *[Please ask Ms. Brady to stand]*. Do any of you know Mr. Garcia, Mr. Kwok, Mr. O'Donnell, Special Agent Carrera, or Ms. Brady? Have you or your family members or close friends had any dealings, either directly or indirectly, with any of them?

14. I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case.

[*A list of relevant names will be provided to the Court.*]

3

Do any of you know any of these people? Have you had any dealings either directly or indirectly with any of these individuals?

**Relevant Location**

15.   The conduct at issue in this case took place in the vicinity of the following locations:

*[A list of relevant locations will be provided to the Court.]*

Does any juror know of, or has any juror visited, these locations?

**Relationship with Government**

16.   Do any of you know, or have any association — professional, business, or social, direct or indirect — with any member of the staff of the United States Attorney's Office for the Southern District of New York, or the U.S. Drug Enforcement Administration? Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

17.   Has any juror, either through any experience he or she has had, or anything he or she has seen or read, developed any bias, prejudice or other feelings for or against the United States Attorney's Office, the U.S. Drug Enforcement Administration, or any other law enforcement agency?

18.   Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the U.S. Drug Enforcement Administration? Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

19. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with any other law enforcement agencies? Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

20. Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias or prejudice for or against the United States Attorney's Office for the Southern District of New York, the U.S. Drug Enforcement Administration, or any other law enforcement agency?

### Prior Jury Service

21. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

22. Have you ever served as a juror in a trial in any court? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Without saying what it was, did the jury reach a verdict?

### Experience as a Witness, Defendant, or Crime Victim

23. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

24. Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

25. Have you ever been a witness or a complainant in any federal or state prosecution?

26. Are you, or is any member of your family, any associate or close friend, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

27. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?

28. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any congressional committee?

29. Have you, or any of your close friends or relatives, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.*]

30. Have you, or any of your close friends or relatives, ever been stopped or interrogated by a member of the Drug Enforcement Administration, or any other law enforcement agency? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the respective agency.*]

### Views on Witnesses and Investigative Techniques

31. <u>Law enforcement witnesses.</u>  The witnesses in this case may include law enforcement personnel, such as special agents of the DEA. Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

32. <u>Use of Confidential Informants.</u>  You may hear testimony in this case that the Government's investigation utilized a confidential informant who was working under the direction of the Drug Enforcement Administration. I instruct you that the use of a confidential

informant, in the context of this case, was perfectly legal. Do any of you have any feelings about the use of confidential informants by law enforcement personnel that would make it difficult for you to render a fair and impartial verdict?

   33. <u>Accomplice Witnesses</u>. You may hear testimony in this case from accomplice witnesses, that is, witnesses who at one time were involved in illegal activity, but who have now pled guilty to various crimes and are testifying on behalf of the Government pursuant to a cooperation agreement. I instruct you that the use of such accomplice witnesses is perfectly legal and is often a necessary law enforcement tool. Do any of you have any experience with or feelings about the use of accomplice witnesses generally, or the use of evidence or information obtained from accomplice witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from an accomplice witness?

   34. <u>Expert Witness</u>. You may hear testimony in this case by an expert witness. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

   35. <u>Particular Types of Evidence</u>. Does anyone have any expectations about whether certain types of evidence, such as DNA or fingerprint analysis, should be presented by the Government at a criminal trial? Would any of you be unable to follow my instructions that the Government is not required to use any particular technique investigating and presenting evidence of a crime?

   36. <u>Evidence Obtained From Consensually Recorded Meetings and Telephone Calls</u>. You may hear about or see evidence of recordings of telephone calls and meetings which

were obtained without the knowledge of the defendants or the other participants. The use of such evidence is lawful, and the Government is entitled to use the evidence obtained from the recorded phone calls in this case. Do you have any feelings about the use of such recordings that would make it difficult for you to render a fair and impartial verdict?

37.    <u>Persons not on trial</u>. The defendant is charged with acting with others. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact. You also may not speculate as to the reason why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

38.    In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior questions, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

**Other Questions**

39.    Do any of you have problems with your hearing or vision that would prevent you from giving full attention to all the evidence at this trial?

40.    Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

41.    Do any of you have any difficulty in reading or understanding English in

8

any degree?

42. Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### **Function of the Court and Jury**

43. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment. Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

44. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent?

45. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to guilt or innocence of the defendant, and that only the evidence produced here in court may be used by you to determine the guilt or innocence of the defendant?

46. It is not a particularly pleasant duty to find another individual guilty of

committing a crime. Is there anyone who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

### Other Biases

47.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

### Juror's Background

48.     The Government respectfully requests that the Court ask each juror to state the following information:

        a.       the juror's age;

        b.       the juror's family status (including whether the juror has any children or grandchildren and, if so, the ages of the children);

        c.       the area in which the juror resides and any other area the juror has resided during the last 10 years;

        d.       where the juror was born;

        e.       the juror's educational background, including the highest degree obtained;

        f.       whether the juror has served in the military;

        g.       the juror's occupation;

    h.    the name and general location of the juror's employer, and the period of employment with that employer;

    i.    the same information concerning other employment within the last five years;

    j.    the same information with respect to the juror's spouse and any working children (only current employer);

    k.    what newspapers and magazines the juror reads and how often;

    l.    what television programs the juror regularly watches; and

    m.    the juror's hobbies and leisure-time activities.

**Requested Instruction Following Impaneling of the Jury**

49.    From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.

50.     If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

Dated:  New York, New York
            March 28, 2008

                Respectfully submitted,

                MICHAEL J. GARCIA
                United States Attorney for the
                Southern District of New York
                Attorney for the United States
                of America

By:     /s/
                Chi T. Steve Kwok
                John O'Donnell
                Assistant United States Attorneys
                (212) 637-2415/2490

## **AFFIRMATION OF SERVICE**

CHI T. STEVE KWOK, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on March 28, 2008, I caused one copy of the attached Proposed Voir Dire to be filed via the Court's electronic case filing system and to be sent by facsimile to:

> Ellyn I. Bank, Esq.
> 225 Broadway Suite 715
> New York, NY 10007
> Fax: (212) 566-8165

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:     New York, New York
           March 28, 2008

                                          ___/s/_____
                                          Chi T. Steve Kwok